282 So.2d 761 (1973)
Warren J. SERIGNET
v.
LIVINGSTON PARISH SCHOOL BOARD.
No. 9472.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
Edward B. Dufreche, Ponchatoula, for appellant.
Duncan S. Kemp, III, Hammond, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Defendant (School Board) appeals a judgment reversing and setting aside defendant's dismissal of plaintiff, Warren Joseph Serignet, from the nontenured position of teacher-coach at Albany High School, Livingston Parish, and awarding plaintiff judgment in the sum of $2,929.10 salary due under plaintiff's contract. The sole issue is whether the School Board complied with the provisions of LSA-R.S. 17:442 governing dismissal of a probationary *762 teacher. We affirm upon finding the trial court properly held Appellant did not follow the mandatory terms of the applicable statute.
It is conceded that plaintiff, who had then been employed by the School Board for less than three years, was dismissed pursuant to a letter dated April 5, 1971, from the Superintendent of Schools, Livingston Parish, which letter reads as follows:
"Dear Mr. Serignet:
This is to inform you that your services with the Livingston Parish School Board are being terminated the second time under R.S. 17:442 effective this date.
The reason for this action being incompetency and wilful neglect of duty as supported by the attached copy of resolution of the Livingston Parish School Board.
Very truly yours,
M. E. Curtis
Superintendent"
The attached School Board resolution, referred to in Curtis' letter of dismissal recites, in full, the following:
"EXCERPT FROM THE MINUTES OF THE LIVINGSTON PARISH SCHOOL BOARD, TAKEN AT A REGULAR MEETING HELD IN THE SCHOOL BOARD OFFICE AND MEDIA CENTER, LIVINGSTON, LOUISIANA, ON MONDAY, APRIL 5, 1971:
The following resolution was offered by Mr. Henderson, seconded by Mr. Patterson, and adopted unanimously:
Be It Resolved that Warren Joseph Serignet be discharged as teacher-coach from the Albany High School, Albany, Louisiana, on the written recommendation of the Superintendent, effective immediately."
LSA-R.S. 17:442 provides:
"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor."
Plaintiff contends his termination was properly declared illegal by the trial court because: (1) The written recommendation of his discharge by the Superintendent was not accompanied by valid reasons therefor, and (2) no such valid reasons existed. School Board maintains the circumstances revealed upon the trial below support the charges of incompetency and willful neglect of duty, consequently, plaintiff's discharge should be sustained.
This action was instituted by plaintiff on November 2, 1971. On February 11, 1972, plaintiff propounded interrogatories to School Board requesting the detailing of specific acts constituting the alleged incompetency and willful neglect of duty, including the dates, times and places of such instances, together with the names of witnesses thereto. On April 17, 1972, School Board answered the interrogatories stating in essence that plaintiff had: (1) Been late for study hall on numerous occasions; (2) failed daily to control a study hour over which plaintiff had supervision; (3) neglected to control the members of plaintiff's basketball team during the previous months of January and February; (4) sending students off campus for food and eating food in front of his classes on numerous occasions; (5) permitting gambling on a school bus on February 5, 1971; (6) being late for school many times, and (7) frequently failed to lock his classroom as directed.
*763 It is settled law that LSA-R.S. 17:442 requires that a probationary teacher may not be discharged by a School Board except upon the written recommendations of the Superintendent accompanied by written charges. These charges must be preserved in the Board's archives in order that the teacher involved, and the public as well, may know why the dismissal occurred. To effect proper dismissal of a probationary teacher, both the Superintendent and School Board must comply literally with the terms of the applicable statute. State v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649; State Ex rel. Kennington v. Red River Parish School Board, La.App., 193 So. 225.
The School Board's dismissal resolution in this instance recites it was predicated upon written recommendation by the Superintendent, but does not relate that such recommendation was accompanied by valid reasons therefor. Neither does it appear that written recommendation, accompanied by valid written reasons, was presented to the School Board prior to its dismissal action. No such written recommendation and valid reasons appear of record. On the contrary, all that appears is the School Board resolution and the letter of dismissal from the Superintendent to plaintiff. Said letter is not alleged to have been presented to the School Board as the basis for the Board's action. Even if it had been so presented, it would not suffice to discharge the Superintendent's obligation of giving detailed written reasons for recommending dismissal. The charges of "incompetence" and "willful neglect of duty", contained in the dismissal notice, do not fulfill the statutory requirement. Such charges are mere conclusions. To support a dismissal, the recommendation must contain a specific recitation of facts sufficient to afford the dismissed teacher opportunity for rebuttal. Such detailed charges apparently did not exist herein at the time of plaintiff's discharge. We so conclude because no such written charges were produced by the School Board until it filed its answer to plaintiff's interrogatories, long after plaintiff's dismissal. This does not fulfill the statutory requirement that the School Board must act upon detailed written charges specified by the Superintendent to effect a proper dismissal.
The judgment of the trial court is affirmed; Appellant School Board to pay all costs for which it is liable pursuant to law.
Affirmed.