306 So.2d 679 (1975)
Julius P. PALONE et al.
v.
JEFFERSON PARISH SCHOOL BOARD.
No. 55105.
Supreme Court of Louisiana.
January 20, 1975.
*680 Nathan Greenberg, Greenberg & Dallam, Gretna, for plaintiffs-applicants.
John Dale Powers, Charles S. McCowan, Jr., Sanders, Miller, Downing & Kean, Baton Rouge, for amicus curiae.
Jack A. Grant, Gretna, for defendant-respondent.
SANDERS, Chief Justice.
Four teachers, Julius P. Palone, Gerard Heslin, Mildred Heard, and Frank Dalferes, brought this action to be reinstated in their positions as assistant principals in the Jefferson Parish public school system. The district court rendered judgment reinstating the petitioners, and the Jefferson Parish School Board appealed. The Court of Appeal reversed the judgment and dismissed the suit. La.App., 297 So.2d 208. We granted certiorari to review the judgment of the Court of Appeal. La., 299 So. 2d 798.
The facts are clear. During the summer of 1970, Palone, Heslin, and Heard, tenured teachers in the Jefferson Parish school system, were appointed as assistant principals. During the summer of 1972. Dalferes was likewise appointed assistant principal.
Subsequent to these promotions, the Jefferson Parish School Board experienced financial difficulties. At the beginning of the fiscal year on July 1, 1972, the Board had an accumulated deficit of over five million dollars. During the fiscal year, the deficit was substantially reduced but still exceeded two million dollars.
Because of the continuing deficit, the Board undertook a reorganization program, abolishing certain professional and non-professional positions. On June 13, 1973, the Board adopted a resolution abolishing the position of second assistant principal in each high school and in each platoon session. The Superintendent of Schools made no recommendation to the Board concerning the resolution. It is clear, however, that it was an economy measure, designed to reduce expenditures an estimated $52,191.00.
On June 14, using seniority as the only criterion, the Executive Assistant Superintendent in charge of personnel determined that the petitioners were included among those who would be affected by the abolition of positions. He held a meeting with petitioners on the same day. The petitioners met with the Superintendent the following day. On June 20, 1973, the Executive Assistant Superintendent notified the petitioners in writing that their positions had been abolished.
At the meeting of the Jefferson Parish School Board on July 18, 1973, Palone was assigned to a position as teacher. On August 30, 1973, he was transferred to the position of Head Coach, his prior tenured position.
At the meeting of the Board on August 1, 1973, Heslin was transferred to the position of teacher, his prior tenured position. On August 23, 1973, he was promoted to Discipline Coordinator.
*681 At the same meeting, the Board transferred Mildred Heard, a tenured teacher, to the position of elementary school principal and Dalferes to the position of discipline Coordinator.
The petitioners contend that the Court of Appeal erred in upholding their demotion, asserting that it was made without compliance with the statutory procedures for demotion of probationary teachers.
LSA-R.S. 17:442 provides in pertinent part:
"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor."
LSA-R.S. 17:444 further provides:
"Whenever a teacher who has acquired permanent status, as set forth in R.S. 17:442 and 17:443, in a parish or city school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the lower position from which he or she was promoted.
"During the probationary period in the position to which promoted a teacher shall not be disciplined, removed or demoted to the lower position from which he or she was promoted except in compliance with the provisions of R.S. 17:442. At the expiration of the probationary period in the higher position, a teacher, unless removed or demoted in accordance with R.S. 17:442, shall automatically acquire permanent status in the higher position and thereafter may not be disciplined, removed or demoted from such higher position except in compliance with the provisions of R.S. 17:443.
"Where a teacher has not completed the probationary period for teachers as required by R.S. 17:442, or for a particular promotional position as established herein, and is promoted to a higher position, the probationary period, either as a teacher or in the previous promotional position, shall continue to run and at the end of such three year probationary period the teacher shall automatically acquire permanent status in the previously held position until permanent status in the new position is acquired by compliance with the provisions of this Section."
The Court of Appeal held that the statutory provisions applied only to the removal or demotion of an individual teacher and were inapplicable when a group of probationary teachers are transferred as a result of the abolition of their positions. We disagree.
A parish school board has broad responsibilities in administering the public schools. Included is the power, when acting in good faith, to consolidate positions or to abolish them. LSA-R.S. 17:81; Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817 (1955). Thus, in the present case, the Jefferson Parish School Board had the authority to abolish the position of second assistant principal. Although petitioners assert that the Board acted in bad faith, we find no evidence to support the assertion.
The power to dismiss or demote teachers is distinct from the power to establish positions and fix organizational structure. The discontinuance of a position does not automatically remove or demote the teacher. See Dugas v. Ascension Parish School Board, supra. The removal or demotion of a teacher is governed by the Teacher Tenure Act, LSA-R.S. 17:441 et seq.
*682 The Teacher Tenure Act is designed to protect the job security of teachers in the best interest of the public school system. That Act applies whether the action taken affects only one teacher or several teachers.
LSA-R.S. 17:444 expressly provides that when a tenured teacher is promoted to a position of higher salary that during the probationary period he cannot be demoted to the former position without compliance with Section 442. Section 442 provides that the School Board may take such action only upon the written recommendation of the superintendent, accompanied by valid reasons therefor. Hence, the Superintendent's written recommendation, accompanied by valid reasons, was required here in order for the parish school board to demote, or reduce the salary, of the probationary teachers. See State v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111 (1952); State v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649 (1941).
In State v. Vernon Parish School Board, supra, this Court held:
"While serving as Supervisor of Class Room Instruction in Vernon Parish for the school years 1948-1949 and 1949-1950 this plaintiff, as aforestated, was at least a probationary teacher. During those two years he possessed, as was required of him, a teacher's certificate. And as a teacher enjoying a probationary status he could not be dismissed at the commencement of the 1950-1951 school year (as was attempted by the defendant school board) except upon the written recommendation of the school superintendent accompanied by valid reasons. The superintendent, as is shown by the stipulation of counsel contained in the record before us, furnished no written recommendation and accompanying reasons; and it follows that plaintiff's dismissal was illegal."
The School Board apparently argues, however, that the school authorities ultimately complied with the statute when the Superintendent recommended the transfer of each of the assistant principals to his former position or one of equal status, and the Board formally approved. From our review of the record, we find that the School Board made the transfers after reviewing assignment rosters signed only by the Executive Assistant Superintendent. These rosters included numerous teachers other than petitioners, subject to routine assignment. It is true that the words, "Superintendent's Recommendations," appear in the caption of the rosters, but no reasons for any of the transfers are given. Moreover, by the time the assignment rosters were submitted and approved, three of the petitioners, Palone, Heard, and Heslin, had already attained permanent status as assistant principals by virtue of three years service in those positions. See LSA-R.S. 17:444. We conclude that the action taken does not comply with the statute, requiring the written recommendation of the Superintendent, accompanied by valid reasons.
Since the demotion of petitioners did not comply with the Teacher Tenure Act, it has no legal effect. We hold, as did the trial judge, that petitioners are entitled to be reinstated in their positions as assistant principals.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated and made the judgment of this Court.