304 So.2d 701 (1974)
Ms. Claudette CASTILLE, Plaintiff and Appellant,
v.
EVANGELINE PARISH SCHOOL BOARD, Defendant and Appellee.
No. 4785.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
Rehearing Denied January 9, 1975.
Writ Refused March 7, 1975.
*702 Murphy W. Bell, Baton Rouge, for plaintiff-appellant.
J. William Pucheu, Dist. Atty., Ville Platte and A. Bruce Rozas, Mamou, for defendant-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
Claudette Castille brought this suit against the defendant school board seeking reinstatement to her former position as a probationary school teacher, as well as back pay and damages. The trial court rendered judgment in favor of the defendant and dismissed plaintiff's suit. Plaintiff appealed.
The substantial issue is whether plaintiff, a probationary teacher, was entitled to notice or hearing prior to her dismissal.
Plaintiff was appointed by the Evangeline Parish School Board on July 21, 1972 to teach third grade students at W. W. Stewart Elementary School for the 1972-73 term. On February 28, 1973, J. Hart Perrodin, the Superintendent of Schools, wrote a letter to the members of the defendant board recommending the dismissal of plaintiff from her teaching duties. His letter read as follows:
"February 28, 1973
"To the members of the Evangeline Parish School Board
"Gentlemen:
"For the following reasons I am recommending that Miss Claudette Castille be dismissed from her teaching duties at the W. W. Stewart Elementary School and discharged from her employment with the Evangeline Parish School Board effective March 16, 1973, and that she be notified immediately of the board's action.
"1. Excessive punishment to children in her class.
2. Manual striking of children in her class.
3. Unreasonable amount of homework assigned.
4. Improper harassment of the children if homework is not done.

*703 5. Children seem not to be learning what they are capable of, especially the reading skills.
6. Teacher remaining continuously out of her class, leaving children alone.
7. Teacher causing so much anxiety to some of the children that they urinate in bed; some crying every morning not to go to school.
8. Disrespecting children with name calling such as fatty, whity, etc.
 Respectfully submitted,
 s/ J. Hart Perrodin
 J. Hart Perrodin
 Superintendent"
At its March 1, 1973 meeting, the recommendation by the superintendent was authorized and plaintiff was dismissed effective March 16, 1973. On March 3 plaintiff received a letter from Superintendent Perrodin, notifying her for the first time of her dismissal.
Plaintiff contends first that her dismissal is invalid under R.S. 17:442 because she was not given "pretermination" notice nor an opportunity to rebut the charges against her. That statute provides in pertinent part:
"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.
"Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of the said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; . . ."
There is no requirement in R.S. 17:442 for notice to a probationary teacher of the superintendent's reasons for recommending dismissal. Nor is there a requirement that such a teacher be given a hearing or an opportunity to rebut the charges. Hence, none were necessary.
Plaintiff next contends she was entitled to prior notice and a hearing under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. The answer to this argument is that LSA-R.S. 17:442 does not require notice or hearing prior to dismissal, and this statute is presumed to be constitutional until the courts hold to the contrary. Our jurisprudence is established that the unconstitutionality of a statute must be specially pleaded in the trial court, and the grounds particularized, Summerell v. Phillips, 258 La. 587, 247 So. 2d 542 (1971). Plaintiff has not filed such pleadings.
The record clearly reflects that plaintiff was dismissed by the school board after its members received a letter from the superintendent recommending plaintiff's dismissal. His recommendation was supported by eight valid reasons. The trial court correctly held plaintiff was discharged in strict compliance with the provisions of LSA-R.S. 17:442.
For the reasons assigned, the judgment is affirmed. All costs of this appeal are assessed against plaintiff appellant.
Affirmed.