JONES, Judge.
Dr. Curtis J. Mustiful appeals a judgment upholding the decision of Grambling State University to not renew his contract of employment for an additional year. We affirm.
Plaintiff was employed by Grambling as an assistant professor in the Department of Education in August, 1972. In 1974 a dispute arose concerning the amount of pay which plaintiff was receiving, with Gram-bling eventually filing suit to recover the alleged overpayment.
On March 8,1976, the President of Gram-bling sent plaintiff the following letter:
“Dear Dr. Mustiful:
It is common knowledge by now to the teaching faculty and supporting staff that it is imperative for the administration of Grambling State University to immediately initiate a program of retrenchment. You no doubt have felt the effects of the cutbacks of expenditures in your unit of operation with respect to materials and supplies, and equipment and travel. More than likely you gleaned from the news media about a week ago that the Board of Regents did not recommend an increase in our appropriation for the year 1976-77.
“In that we are overstaffed in certain units of the instructions, we have no other choice but to reduce the teaching and supporting personnel in order to bring our operating budget in line with the state appropriations. Regretfully, we will have to terminate your service May 16, 1976.
“Meanwhile, I want to take this opportunity to thank you for the service you have rendered the institution.
“Sincerely yours, /s/ R. W. E. Jones, President.”
Plaintiff was not a tenured teacher.
At the time the letter was mailed, the suit between Grambling and plaintiff had been tried but not decided. The suit was eventually decided adversely to plaintiff.
*518 After receipt of the letter of termination, plaintiff filed this suit, alleging his employment was terminated solely as a vindictive and retaliatory act on the part of the president of Grambling in response to plaintiff’s refusal to acknowledge he was mistakenly overpaid. Plaintiff prayed for reinstatement with tenure, renewal of his contract with no loss of seniority, one year’s salary lost because of the termination, and reasonable attorney’s fees. In a scholarly and well-reasoned opinion, the trial court rejected plaintiff’s demands.
Plaintiff contends his dismissal is improper because it was motivated by his exercise of a constitutional right, i. e., his right to demand a judicial resolution of the salary dispute between himself and Grambling. Alternatively, plaintiff contends he could not be dismissed without a one year notice as provided in the Grambling Personnel Handbook.
The dismissal of even a nontenured teacher may not be predicated on his exercise of First and Fourteenth Amendment rights. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The burden of proving Grambling dismissed plaintiff based on such grounds lies with plaintiff.
Plaintiff introduced circumstantial evidence attempting to establish such a basis for his dismissal. Plaintiff testified although no Grambling officials expressly threatened to terminate his employment if he did not voluntarily repay the alleged salary overpayment, he received this impression from discussions with superiors. Additionally, plaintiff received the notice of termination during his litigation with the school. Plaintiff also contends Grambling has hired additional teachers since his termination who instruct some of the same courses he previously taught, which substantiates that his termination was not due to Grambling’s financial problems.
Defendant’s position is that the answers to plaintiff’s interrogatories and the testimony adduced at trial clearly establish plaintiff was simply the victim of a forced reduction in Grambling’s expenditures. Defendant established that due to the necessity of reducing expenses, six faculty members were terminated concurrently with plaintiff (although one was later rehired), and eighteen faculty members who either retired or resigned were not replaced. Defendant also established plaintiff’s name was not chosen for termination by anyone actively involved in the salary dispute with plaintiff, but rather by the head of the Department of Elementary Education and the Dean of the College of Education, plaintiff’s immediate supervisors.
The head of the Department of Education explained plaintiff was chosen for termination based on a priority of retaining teachers who enjoyed tenure, and of retaining those teachers who possessed the particular qualifications most critical to the department. The department head admitted the department needed two new teachers, one of which had been hired, and the newly hired teacher taught one of the courses previously taught by plaintiff. However, she explained the new teacher taught additional courses plaintiff was not qualified to teach. The department head also explained the teacher they were still seeking was one with expertise in areas not possessed by plaintiff. The testimony of the Dean of the College of Education was substantially the same as that of the department head. All Grambling officials who testified denied any motive existed for plaintiff’s termination other than the necessity for faculty reduction mandated by financial problems.
The trial judge was correct in his finding that plaintiff fell far short of proving his termination was motivated by his exercise of a constitutional right.
As regards his second contention, plaintiff established he was not given one year advance notice that he would not be reappointed as stated in the Grambling Personnel Handbook. However, plaintiff made no showing the policy stated in the Handbook had the status of a contractual obligation owed to plaintiff by Grambling. Testimony of the president of Grambling at trial established that while the policies declared *519 in the handbook were followed as closely as possible, they were not absolute. Plaintiff has established no legal reasons why the policy of giving one year notice of termination should not give way to the financial exigencies of Grambling.
It is significant the policy contained in the handbook specifically provides a tenured teacher serving on a continuous appointment may be terminated under extraordinary circumstances because of financial exigencies. There is no stated requirement of notice prior to termination under these circumstances, the policy requirement being only “termination of a continuous appointment because of financial exigency should be demonstrably bonafide.” It would be unreasonable to find the nontenured plaintiff, serving on a year by year appointment, is entitled to more notice of termination than a teacher serving with tenure. The record adequately establishes plaintiff was terminated because of bona fide financial difficulties of the university.
The judgment of the trial court is affirmed, appellant to pay all costs.
Affirmed.