Walter F. STEWART,
Plaintiff-Appellant,

v.

James C. BAILEY, Individually and as Director of the George C. Wallace Technical Community College, et al., etc., Defendants-Appellees.

No. 75–2996.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1977.

Rehearing and Rehearing En Banc
Denied Dec. 7, 1977.

Edward Still, William M. Dawson, Jr., Birmingham, Ala., Jerry D. Anker, Steven E. Silverman, David Rubin, Washington, D. C., Matthew Horowitz, N. E. A., Washington, D. C., for plaintiff-appellant.

James R. Knight, Knight, Knight & Griffith, Cullman, Ala., for defendants-appellees.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before GOLDBERG and HILL, Circuit Judges and KERR,* District Judge.

PER CURIAM:

The petition for rehearing is GRANTED.

Since our initial decision in this case, the Supreme Court has rendered decision in *Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

In *Mt. Healthy,* the issue for decision was whether or not a constitutional violation would necessarily result if the decision not to rehire a teacher was based in substantial part on the teacher's exercise of constitutionally protected conduct. The Court held that such a refusal to rehire could nevertheless pass constitutional muster if the employer could prove that it would have reached the same decision even in the absence of the protected conduct.

The Court enunciated the procedure to be followed by district courts in determining cases where there are allegedly both per-

* Senior District Judge of the District of Wyoming sitting by designation.

missible and impermissible grounds for the termination of the employment relationship. Initially, the employee must carry the burden and prove "that his conduct was constitutionally protected and that the conduct was a 'substantial factor'—or, to put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire him." 429 U.S. at 287, 97 S.Ct. at 576 (footnote omitted). If the employee carries that burden the district court must then determine if the employer has shown "by a preponderance of the evidence that it would have reached the same decision as to the [employee's] reemployment even in the absence of the protected conduct." *Id.*

In the instant case, the requirements of the intervening Supreme Court decision have not been met. The record is not sufficient for our decision. Accordingly, the case must be remanded to the district court so that by hearing or otherwise the reasons for the termination of appellant's employment may be explored and the findings of fact and conclusions of law mandated by *Mt. Healthy* may be made.

REVERSED and REMANDED.