353 So.2d 471 (1977)
John D. FOREMAN, Plaintiff-Appellant,
v.
VERMILION PARISH SCHOOL BOARD, Defendant-Appellee.
No. 6223.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Rehearing Denied January 12, 1978.
Writ Refused February 24, 1978.
*472 Cooper & Sonnier, by Charles R. Sonnier, Abbeville, for plaintiff-appellant.
Broussard, Broussard & Moresi, by Paul G. Moresi, Jr., Abbeville, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.
Plaintiff, John D. Foreman, has appealed from a trial court judgment upholding his discharge as a teacher by the defendant Vermilion Parish School Board. The trial court found that Foreman was effectively dismissed as of October 3, 1975, and awarded him wages of $1,956.75 for the period between the school board's first attempt to fire him and that date. Plaintiff Foreman contends that his discharge violated the Louisiana Teacher Tenure Law, LSA-R.S. 17:441-17:445; that the board action was arbitrary and capricious; that he was denied due process of law and equal protection, as guaranteed by the 14th Amendment to the United States Constitution and the Louisiana Constitution of 1974; that the school board did not rely on valid reasons for his discharge; and that dismissal for the reasons cited violated his right to freedom of speech, as guaranteed by the First Amendment to the United States Constitution.
Although Foreman has 16 years of teaching experience, he was a probationary teacher in Vermilion Parish because he had only taught in that system for two years. He transferred from Lafayette Parish to the Indian Bayou High School in Vermilion Parish for the 1973-74 term and continued there in 1974-75. His employment commenced effective August 17, 1973. Foreman received his last paycheck in August of 1975. He was paid on a 12-month basis. Foreman received three letters advising him his employment would not be continued. The first, on May 23, 1975, was signed by Superintendent Ray Broussard, but there had been no written recommendation by Broussard to the school board as required by LSA-R.S. 17:442.[1] The second letter, mailed June 20, 1975, was also written without a recommendation by superintendent Broussard to the school board. The third letter, dated October 3, 1975, was sent after this suit was filed but the school board had then acted on a written recommendation from the superintendent based on what the trial court found to be valid reasons:
". . . Foreman's failure to cease interferring [sic] with the basketball program, his public displays of unsportsmanlike conduct, and his poor evaluation sheets clearly show that the [sic] was dismissed for `valid' reasons." (TR. 104)
The reasons given were as follows:
". . . Mr. Foreman was not recommended for reemployment due to unsatisfactory evaluation in the areas of cooperation, adaptibility, attitude toward supervision, and loyalty. Also, below average *473 evaluation in the areas of leadership qualities, attitude toward recommendations, relationships with fellow teachers, and participation in professional organizations and activities. Also for reasons explained in a letter dated April 30, 1975 from his principal . . ." (TR. 98).
The principal's letter relates Foreman's verbal criticism of the basketball program and basketball coach Benny Dronet, an incident in February of 1975 when Foreman was asked by the referees to leave a basketball game, and a subsequent unsatisfactory meeting between Broussard, Dronet and Foreman.
It is clear from a reading of LSA-R.S. 17:442 that tenure is only acquired in a particular parish or city. Foreman was a probationary teacher and the school board was not required to give him a hearing before his dismissal. Castille v. Evangeline Parish School Board, 304 So.2d 701 (La.App. 3 Cir. 1974) writ denied, 309 So.2d 342 (La.). The language of the writ denial in Castille indicates doubt about the constitutionality of LSA-R.S. 17:442. However, it has been held that probationary teachers do not have a constitutionally protected liberty or property interest in renewal of their teaching contracts which entitles them to procedural due process. Their discharge does not involve substantive due process, and the question of whether the action was arbitrary and capricious need not be reviewed. LaBorde v. Franklin Parish School Board, 510 F.2d 590 (5 Cir. 1975); Weathers v. West Yuma County School Dist. R-J-1, 530 F.2d 1335 (10 Cir. 1976). Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
The most recent United States Supreme Court expression on the subject is found in Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Mt. Healthy concerned Doyle, like Foreman nontenured, and said:
"Doyle's claims under the First and Fourteenth Amendments are not defeated by the fact that he did not have tenure. Even though he could have been discharged for no reason whatever, and had no constitutional right to a hearing prior to the decision not to rehire him, . . . he may nonetheless establish a claim to reinstatement if the decision not to rehire him was made by reason of his exercise of constitutionally protected First Amendment freedoms. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)." 97 S.Ct. 574.
Foreman's interference with the basketball program and conduct at the games appear to involve his right to freedom of expression. Foreman therefore met the burden of showing that this constitutionally protected conduct was a motivating factor in the board's decision. However, the negative evaluation of Foreman by principal Sonnier on April 25, 1975, which graded him unsatisfactory in cooperation, adaptability, attitude toward supervision and loyalty, is sufficient to prove that the board would have reached the same conclusion absent the other non-permissible grounds for his dismissal. See Stewart v. Bailey, 561 F.2d 1195 (5 Cir. 1977); and Mustiful v. State, Bd. of Tr. for State Coll. & Univ., 347 So.2d 516 (La.App. 2 Cir. 1977).
For the foregoing reasons, the judgment of the trial court herein declaring plaintiff Foreman validly dismissed as a school teacher effective October 3, 1975, and awarding him wages of $1,956.75 to that date is affirmed. The taxing of trial court costs to the Vermilion Parish School Board is also affirmed. All costs of appeal are taxed to plaintiff Foreman.
AFFIRMED.
NOTES
[1] LSA-R.S. 17:442:

"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.
Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of the said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the school board of the parish or city, as the case may be, in which he has successfully served his three year probationary term; all teachers in the employ of any parish or city school board as of July 31, 1946 who hold proper certificates and who have served satisfactorily as teachers in that parish or city for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the school board of that parish or city."