374 So.2d 1281 (1979)
Donald Ray HAYWARD, Plaintiff-Appellant,
v.
RAPIDES PARISH SCHOOL BOARD, Defendant-Appellee.
No. 7150.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1979.
Writ Refused October 26, 1979.
Larvadain & Scott, Edward Larvadain, Jr., Alexandria, for plaintiff-appellant.
*1282 Voltz & Ware, Gus A. Voltz, Jr., Alexandria, for defendant-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
SWIFT, Judge.
Donald Ray Hayward filed this suit against the Rapides Parish School Board attacking his dismissal as a probationary or non-tenured school bus driver. Judgment was rendered in favor of the school board dismissing the suit and plaintiff has appealed. We affirm.
By letter of May 17, 1978, Allen Nichols, Superintendent of Rapides Parish Schools, informed plaintiff he was going to recommend to the school board at its meeting on June 6, 1978, that Hayward be dismissed from his employment at the close of school on May 26, 1978. Enclosed therewith was a copy of a letter written by the superintendent to the board on the same date recommending the dismissal for the following reasons:
"1. Mr. Hayward has driven his bus at an excessive rate of speed on more than one occasion in the vicinity of Marye and Pierson Streets.
"2. Mr. Hayward has failed to use his flashing signals when stopping to load pupils in his bus."
The superintendent's recommendation was taken up at the board meeting on June 6th and Hayward was dismissed. However, plaintiff requested a formal hearing to present his side of the matter and it was held by the board on June 22, 1978, as scheduled.
On June 26, 1978, Superintendent Nichols wrote the following to the plaintiff:
"The Rapides Parish School Board, at its meeting on June 22, 1978, dismissed you as a school bus operator, effective at the close of the school day on May 26, 1978."
The three errors specified by appellant are:
"1) The trial court erred in finding that plaintiff was given notice in writing of the decision by the Rapides Parish School Board as is required by R.S. 17:492.
"2) The court erred in finding that the reasons given for the dismissal of plaintiff were `valid reasons' within the contemplation of R.S. 17:492.
"3) The court erred in allowing defendant to introduce documents and to give testimony on the documents on the trial of this matter when those documents were not introduced into the records at the hearing before the Rapides Parish School Board."
LSA-R.S. 17:492 provides in part as follows:
"Each school bus operator shall serve a probationary term of three years reckoned from the date of his first employment in the parish in which the operator is serving his probation. During the probationary term the parish school board may dismiss or discharge any operator upon the written recommendation of the parish superintendent of schools accompanied by valid reasons therefor.

Any school bus operator found unsatisfactory by the parish school board at the expiration of the probationary term shall be notified in writing by the board that he has been discharged or dismissed;..." (Emphasis added)
Hayward testified that he never received the letter of June 26, 1978, quoted above, but the trial judge concluded to the contrary. We agree with this factual finding. Actually, the plaintiff's complaint under this specification of error is that the letter was not signed by the president or any member of the school board and there is no board resolution in the record authorizing the superintendent to so notify plaintiff of its action.
LSA-R.S. 17:91 provides that a parish superintendent of schools shall act and perform all of the duties of the secretary of the school board. In our opinion the letter constituted sufficient notice from the board of plaintiff's dismissal. Also, see Castille v. Evangeline Parish School Board, 304 So.2d 701 (La.App. 3 Cir. 1975).
*1283 Next, the plaintiff contends that the reasons quoted above from Superintendent Nichols letter of May 17, 1978, to the board were not "valid reasons" to recommend his dismissal.
In Chantlin v. Acadia Parish School Board, 100 So.2d 908 (La.App. 1 Cir. 1958) the court said:
"When the Legislature has provided that a probationary school bus driver can be discharged simply for `valid reasons'in contradistinction to the specified grounds of discharge alone available in the case of tenured bus driversthis indicates to us a legislative intent to provide a large measure of discretion to school boards in the discharge of such probationary school employees. And although the school board is not authorized to discharge a probationary school employee without any cause at all, State ex rel. Nobles v. Bienville Parish School Board, 200 La. 983, 9 So.2d 310, we think that our brethen of the Second Circuit in Kilpatrick v. Ouachita Parish School Board, La.App., 91 So.2d 453, correctly stated in discussing the standard for discharge of the probationary bus driver, LSA-R.S. 17:491, that `By "valid reason" is meant a sound and sufficient reason', 91 So.2d 455."
* * * * * *
"We are reminded that the administration of the school system of Acadia Parish is entrusted by the constitution and the legislature to that Parish's School Board and not to the courts. When there is a rational basis for an administrative board's discretionary determinations, which are supported by substantial evidence insofar as factually required, the court has no right to substitute its judgment for the administrative board's or to interfere with the latter's bona fide exercise of its discretion." (Emphasis added)
Both reasons given for recommending the plaintiff's dismissal relate directly to the safety and welfare of the children for whom the school board is responsible. We most certainly agree with the trial judge that they constitute valid grounds for dismissal not only of a probationary driver but a permanent school bus operator as well.
Additionally, the plaintiff contends under this specification of error that the reasons for his dismissal were unconstitutionally vague for failure to inform the plaintiff of the dates, times and places where the wrongful acts allegedly took place. The authorities cited in his brief in this connection are inapplicable. We are not concerned in this instance with an appeal under the civil service laws, such as LSA-R.S. 33:2560, D, which requires written notification to the employee of the discharge and "the complete reasons therefor". See Powell v. City of Winnfield Fire & Police, etc., 370 So.2d 109 (La.App. 2 Cir. 1979).
The statute applicable in the present case simply requires the board to notify the employee in writing that he has been discharged or dismissed. In Castille v. Evangeline Parish School Board, supra, this court said:
"There is no requirement in R.S. 17:442 for notice to a probationary teacher of the superintendent's reasons for recommending dismissal. Nor is there a requirement that such a teacher be given a hearing or an opportunity to rebut the charges. Hence, none were necessary." (Emphasis added)
And in Foreman v. Vermillion Parish Sch. Bd., 353 So.2d 471 (La.App. 3 Cir. 1978), the court said:
"... The language of the writ denial in Castille indicates doubt about the constitutionality of LSA-R.S. 17:442. However, it has been held that probationary teachers do not have a constitutionally protected liberty or property interest in renewal of their teaching contracts which entitles them to procedural due process. Their discharge does not involve substantive due process, and the question of whether the action was arbitrary and capricious need not be reviewed..."
Thus, while "valid reasons" must accompany the written recommendation of the parish superintendent to the board and they must actually exist, there is no requirement *1284 that the reasons be in any particular form or that the probationary bus driver receive written notification thereof.
During oral argument counsel for plaintiff cited Serignet v. Livingston Parish School Board, 282 So.2d 761 (La.App. 1 Cir. 1973), in support of his argument that the written reasons for dismissal given by the superintendent to the Rapides Parish School Board were legally insufficient for failure to specify the dates, times and places of the acts mentioned therein. In our opinion that case is inapposite. Unlike the present suit, the record in Serignet did not contain any written recommendation of dismissal by the superintendent and it was not established that such a document, accompanied by reasons, were actually presented to the school board prior to its dismissal action. Furthermore, we must respectfully disagree with the specificity requisite of that decision in regard to the form of the "valid reasons" for dismissal provided in R.S. 17:442. As pointed out in Castille and Foreman, we do not find any statutory or constitutional requirement of such a notice or a hearing for the dismissal of a non-tenured school board employee. Also, see 35 La.L.Rev. 358 and 36 La.L.Rev. 466.
The record does not contain a transcript of the school board hearing nor was any evidence introduced in the trial court with view to establishing that a valid factual basis did not exist for the superintendent's reasons for dismissal. Consequently, we must assume that valid reasons were adequately established when this matter was considered by the board. Isles v. White, 345 So.2d 1304 (La.App. 3 Cir. 1977); Harvey v. McMinn, 238 So.2d 772 (La.App. 1 Cir. 1970). Actually, the plaintiff has not argued orally or in brief that the reasons given for his dismissal did not exist.
Lastly, plaintiff specifies as error the district court's consideration of Superintendent Nichols' notification letter of June 26, 1978, because it was not introduced at the school board hearing. He contends that the court's review of the administrative hearing should have been confined to a review of the record of that hearing. Such rule, of course, does not apply to every case where the action of an administrative body is challenged. Certainly, it cannot be applied in the determination of the validity of an act that was duly performed after the hearing was concluded.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.