393 So.2d 785 (1981)
Beatrice BOOKER, Plaintiff-Appellant,
v.
RICHLAND PARISH SCHOOL BOARD, Defendant-Appellee.
No. 14378.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
*786 Jones, Jones & Jones, Monroe, for plaintiff-appellant.
Glynn D. Roberts, Rayville, for defendant-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
Plaintiff, Beatrice Booker, appeals a judgment rejecting her demand that defendant, Richland Parish School Board, reinstate her as a probationary teacher at Mangham Jr. High School effective November 17, 1978, the date of her termination. Plaintiff's demand for salary as a probationary teacher from date of termination was also rejected.
Plaintiff was initially employed by the Richland Parish School Board on January 3, 1978 as a probationary teacher at Mangham Jr. High School, and worked through May 1978. Her employment was continued for the 1978-79 school session and she worked from September until November 17, 1978. On November 16, 1978 at a special meeting of the Richland Parish School Board plaintiff was terminated as reflected by the following abstract from the minutes of the meeting:
"Mr. Prisock moved, seconded by Mr. Bell, to approve
the following personnel actions:
 . . .
 . . .
TERMINATE:
Beatrice Booker Teacher Mangham Jr. High
 (Terminate due to
 insubordination)
 Effective 11/17/78
Vote: Yeas: Mr. Thompson, Mr. Johnston, Mr.
 Prisock, Mr. Bell, Mr. Gaharan,
 Mr. Hodges, Mr. Newson, and
 Mr. Douciere.
Nays: Mr. Coward.
Absent: Mr. Adams."
The quoted resolution from the School
Board meeting was based upon the following
document which was submitted to the
Richland Parish School Board by Charles M.
Tillman, Superintendent of Richland Parish
Schools, which document we reproduce as
follows:
 PERSONNEL
 Special Board Meeting, November 16, 1978
New Employee Race Subject School Reason Date Old Employee Race Address
 Title I Aide Mangham Elem. Maternity Leave Christine Harris B Monroe
 (12-18-78 to Landis
 January 29, 1979)
 Janitor Start High Resignation Howard E. Crow W Start
 (Effective
 Nov. 13, 1978)
 Teacher Mangham Jr. Terminate Beatrice Booker B Rayville
 High School (Due to
 insubordination)
*787 The manner in which a probationary teacher shall be terminated is set forth in LSA-R.S. 17:442:
"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor...."
The trial judge found the defendant's termination of plaintiff was done in the manner required by the provisions of LSA-R.S. 17:442 and for this reason rejected plaintiff's demands.
Plaintiff assigns as error the trial judge's determination that R.S. 17:442 has been complied with. She contends the Superintendent of Schools failed to make a written recommendation to the School Board to dismiss plaintiff accompanied with valid written reasons as required by the statute. Plaintiff contends that because her dismissal was not done in the manner required by the statute she is entitled to be reinstated to her position and is entitled to the salary she would have earned had she not been illegally terminated.
In the early cases of Andrews v. Claiborne Parish School Board, 189 So. 355 (La. App. 2d Cir. 1939), and State v. Red River Parish School Board, 193 So. 225 (La.App. 2d Cir. 1939), this court affirmed trial court judgments reinstating probationary teachers because their dismissals had not been accomplished in the manner required by the source legislation of LSA-R.S. 17:442. The court held in these cases that a school board may not dismiss a probationary teacher unless it first receives written recommendations for the termination accompanied by valid written reasons. The criteria for compliance with the statute as set forth in these cases was quoted with approval in the Louisiana Supreme Court case of State v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649 (1941), at p. 651:
"In the case of Andrews v. Claiborne Parish School Board, La.App., 189 So. 355, it is stated in effect that the only method provided by law for the discharge of a probationary teacher is laid down in Act No. 58 of 1936 to-wit: for the superintendent to recommend in writing to the board the dismissal of the teacher, with supporting valid reasons therefor, and the board's positive favorable action on the recommendation.
In the case of State ex rel Kennington v. Red River Parish School Board, La. App., 193 So. 225, 228, the court stated:
`It is clear from the language of this statute that as a condition precedent to a school board's dismissal of a probationary teacher, the superintendent of the parish must submit to the board `written recommendations' for such dismissal, accompanied by valid reasons therefor. These should be signed by him officially. It is contended that such reasons need not be in writing, but may be assigned orally. We do not concur in this construction of the quoted law. We think the law-maker intended that the charges against the teacher, upon which his or her dismissal is asked, should be in the same form and of the same dignity as the recommendation itself. They are, in reality, companion acts, should be in writing and preserved in the board's archives. If this were not true, in many cases neither the teacher nor the public would know why a dismissal occurred. To effect dismissal of a probationary teacher, the law has definitely placed upon both the school board and the superintendent, elements of responsibility which must be specifically discharged by each. Such responsibility may not be shifted.'" [emphasis added].
There are numerous appellate decision in the jurisprudence following the rationale of State v. Andrews; State v. Red River and State v. Bienville; supra, to the effect that a probationary teacher may not be dismissed *788 by a school board unless the school board has first received from the superintendent of schools a written recommendation to terminate the teacher, accompanied by written valid reasons supporting the recommendation.
In the relatively late supreme court decision of Palone v. Jefferson Parish School Board, 306 So.2d 679 (La.1975), the court held that probationary assistant principals who had been demoted as assistant principals by a resolution of the school board that was not based upon written recommendations of the superintendent, accompanied by valid reasons, constituted an invalid demotion and reinstated the assistant principals to their positions.[1] The court there cited with approval State v. Bienville Par. School Board, supra. The school board in the Palone case contended that the statute had been ultimately complied with when the superintendent submitted a personnel roster to the school board reflecting thereon his recommendation for new assignments for the four assistant principals to other positions. The supreme court rejected the school board's contention because the personnel roster was not signed by the superintendent of schools and gave no written reasons for the recommendations, all as is reflected from the following quote from the opinion:
"The School Board apparently argues, however, that the school authorities ultimately complied with the statute when the Superintendent recommended the transfer of each of the assistant principals to his former position or one of equal status, and the Board formally approved. From our review of the record, we find that the School Board made the transfers after reviewing assignment rosters signed only by the Executive Assistant Superintendent. These rosters included numerous teachers other than petitioners, subject to routine assignment. It is true that the words, `Superintendent's Recommendations,' appear in the caption of the rosters, but no reasons for any of the transfers are given. Moreover, by the time the assignment rosters were submitted and approved, three of the petitioners, Palone, Heard, and Heslin, had already attained permanent status as assistant principals by virtue of three years service in those positions. See LSA-R.S. 17:444. We conclude that the action taken does not comply with the statute, requiring the written recommendation of the Superintendent, accompanied by valid reasons." Palone, at 682. [emphasis added].
A review of the document, which defendant here contends constitutes written recommendations to terminate plaintiff by the Superintendent to the Richland Parish School Board accompanied by valid written reasons, establishes that it fails to meet the criteria set forth by the cited jurisprudence. There is not one word in writing on the document that reflects who prepared it, nor is the term "recommendation" anywhere reflected thereon. The document insofar as could be determined from the writing on it could have been prepared and submitted to the school board by a school board employee other than the superintendent. The school board has received nothing in writing except the words "Terminate (Due to insubordination)". It could from this writing alone, at the very most, be only inferred that someone desired plaintiff's dismissal because of insubordination.
The statute requires that the superintendent write a recommendation. State v. Red River Parish School Board, supra, states it must be officially signed by him. State v. Bienville Parish School Board, supra, quoted the language of State v. Red River Parish School Board, supra, with approval. Palone, supra, cited State v. Bienville Parish School Board, supra, with approval, and the language quoted from the Palone case clearly indicated that a document signed by an assistant superintendent did not meet the requirement of a written recommendation of the superintendent of *789 the parish school board, even though there was typed upon the personnel roster there discussed "Superintendent's Recommendations". Not only was the assignment roster not signed by the superintendent, but it contained no written reasons for demoting the assistant principals. The court in its final reference to Jefferson Parish assignment rosters stated:
"We conclude that the action taken does not comply with the statute, requiring the written recommendation of the superintendent, accompanied by valid reasons. Palone, supra, at 682. [emphasis added].
The document relied upon by defendant in this case does not contain the signature of the superintendent, nor any written indication of by whom it was submitted, nor any written indication as to who was making the inferential recommendation that plaintiff be terminated, and for these reasons alone fails to comply with LSA-R.S. 17:442.
Plaintiff also contends that the document is deficient for the reason that no valid reasons for termination are therein set forth. The only reason set forth for termination is the single word "insubordination". Plaintiff contends that LSA-R.S. 17:442 requires the reasons for termination be particularized and cites as authority therefor the First Circuit case of Serignet v. Livingston Parish School Board, 282 So.2d 761 (La.App. 1st Cir. 1973) which involved the dismissal of a probationary teacher, wherein the court referred to a letter written by the superintendent which had not been submitted to the school board, stated:
"... Even if it had been so presented, it would not suffice to discharge the Superintendent's obligation of giving detailed written reasons for recommending dismissal. The charges of `incompetence' and `willful neglect of duty', contained in the dismissal notice, do not fulfill the statutory requirement. Such charges are mere conclusions. To support a dismissal the recommendation must contain a specific recitation of facts sufficient to afford the dismissed teacher opportunity for rebuttal..." Id. at 763.
Defendant contends that the quoted statement of Serignet is an incorrect statement of the law because LSA-R.S. 17:442 makes no requirement that the valid reasons be stated with specificity. Defendant cites the Third Circuit case of Hayward v. Rapides Parish School Bd., 374 So.2d 1281 (La.App. 3d Cir. 1979), which disagreed with the specificity requirement of Serignet. Hayward correctly pointed out that there is no requirement in LSA-R.S. 17:442 for notice to the probationary teacher, nor is he entitled to a hearing for the purpose of giving him an opportunity to rebut the charges. For this reason that rationale of Serignet that there should be such specificity in the charges that the school board employee would have sufficient information to rebut the charges is clearly incorrect. We, however, note that the charges against the school bus driver[2] in Hayward were far more detailed than "insubordination". The written charges therein set forth by the superintendent of schools to the school board were as follows, to-wit:
"1. Mr. Hayward has driven his bus at an excessive rate of speed on more than one occasion in the vicinity of Marye and Pierson Streets.
2. Mr. Hayward has failed to use his flashing signals when stopping to load pupils in his bus." Id. at 1282.
We agree with the rationale of Hayward and the case relied upon by it, Chantlin v. Acadia Parish School Board, 100 So.2d 908 (La.App. 1st Cir. 1958), wherein it was recognized that the valid reasons required to accompany the superintendent's written recommendation do not have to be as detailed and specific as is required of the charges of willful neglect of duty, etc., required by LSA-R.S. 17:443 in an action to remove a permanent teacher. The permanent teacher has a right to a hearing and an opportunity to rebut the charges. We do, however, conclude that in order for the school board to intelligently and fairly review *790 the valid reasons submitted by the superintendent of schools, along with his recommendations for termination, there must be some factual declarations set forth within the reasons in order for the school board to exercise its legislatively designated function of determining whether to follow the recommendations of the school superintendent and dismiss the employee. If the statute contemplated that the school board would rubber stamp the recommendation of the superintendent without making its independent determination of the correctness of that recommendation, then the statute would not have required that the superintendent of schools submit, along with his recommendations, his reasons therefor.
The term insubordination without further factual information gives the school board no information upon which to base its determination to approve the recommendation of the school superintendent.
For the reasons assigned we REVERSE the judgment appealed from and order the Richland Parish School Board to reinstate plaintiff, Beatrice Booker, in her position as probationary teacher at the Mangham Jr. High School. Defendant is also ordered to pay plaintiff all the salary which she would have earned subsequent to November 17, 1978, the date of her termination, together with legal interest from the date of judicial demand until paid.
NOTES
[1] LSA-R.S. 17:444 requires that 17:442 be complied with in order for the school board to demote a teacher from a position in which he has not acquired tenure to a lower position in which he had formerly acquired tenure.
[2] LSA-R.S. 17:492 which provides for the dismissal of a non-tenured school bus driver contains the identical language as that found in LSA-R.S. 17:442 relating to the requirements for dismissing a non-tenured school teacher.