277 So.2d 645 (1973)
Walter J. LeBRETON, Sr.
v.
T. A. BROWN et ux or et al.
No. 52514.
Supreme Court of Louisiana.
May 7, 1973.
*646 Walter J. LeBreton, in proper person, for plaintiff-applicant.
Connolly & Labranche, Frans J. Labranche, Jr., Bossier City, Henry C. Vosbein, Jr., New Orleans, for defendants-respondents.
DIXON, Justice.
In 1963, plaintiff LeBreton decided to construct certain additions to his wood frame residence in New Orleans. Defendant T. A. Brown, doing business as House Leveling Specialty Company, contracted to construct the forty-three concrete pilings which were to form the foundation for the improvements. Brown constructed the pilings, and performed other work for plaintiff. Pursuant to a later contract, defendant Vincent Simoneaux built a concrete porch on the side of plaintiff's existing wood frame residence as part of the improvements. The improvements have subsided causing extensive damage to the existing structure as well as to the improvements.
Plaintiff filed suit in 1968 against Brown and Simoneaux for damages allegedly resulting from breaches of their contracts. The trial court determined that plaintiff had failed to prove his case against defendants. The Court of Appeal, with one judge dissenting, affirmed the judgment of the trial court on the ground that both defendants had properly constructed the improvements according to the plans and specifications supplied them by the plaintiff. 260 So.2d 767. We granted plaintiff's application for a writ of certiorari. 262 La. 186, 262 So.2d 787 (1972).
In his application, plaintiff contended that the Court of Appeal erred in finding that he was the general contractor for the improvements; that he had provided defendant contractors with plans and specifications; that the plans and specifications were faulty and insufficient; and that the defendants were under no legal duty to notify plaintiff of the insufficiency of the plans and specifications. The record does not support plaintiff's contentions.
R.S. 9:2771 provides:
"No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor."
Whether plaintiff or one of the defendants was the general contractor for the improvements to LeBreton's home is not important here. Defendants were contractors. Plaintiff furnished defendant *647 Brown, the foundation contractor, with a crude sketch of the proposed floor plan of the improvements. The sketch specified the location of the pilings. In fact, plaintiff LeBreton instructed Brown to build the pilings at points on his land which he had marked with wooden stakes. The specifications for the pilings were contained in Brown's contract, which was drafted by plaintiff.
The record indicates that plaintiff's plans and specifications were faulty and inadequate. The foundation was designed by plaintiff alone, who admits that he has no construction or design experience. The evidence indicates that plaintiff did not adequately determine the weight of the proposed improvements when he designed the foundation.
It is unnecessary to determine whether Brown was under a legal duty to notify plaintiff that his plans and specifications were faulty. Brown did not know the plans were inadequate. Plaintiff did not apprise defendant Brown of the size and weight of the improvements to be supported by the foundation pilings. He merely specified that Brown construct concrete pilings of a certain size and strength.
Finally, plaintiff alleges that Brown did not construct the pilings properly. He complains that the holes for the pilings were allowed to fill with water and to cave in before the concrete pilings were poured. The evidence indicates, however, that the concrete was poured into the holes immediately after they were dug and that the holes were not allowed to cave in prior to pouring. Of the forty-two pilings constructed, only five or six were constructed in holes which contained water. Brown testified that he used an extra sack of cement in the holes containing water to compensate for any weakness the water might cause in the concrete. According to the record, concrete pilings are often constructed in holes containing water.
Plaintiff did not prove that the failure of the foundation was caused by Brown's poor workmanship in constructing the concrete pilings. There is no evidence that the pilings are faulty.
Plaintiff's case against defendant Simoneaux is even weaker. Simoneaux constructed only the concrete porch and its foundation. All evidence indicates that Simoneaux properly constructed the concrete porch, according to the plans and specifications provided by plaintiff. The damage to the porch was caused by the failure of the foundation under other improvements, which were not constructed by Simoneaux.
There is no doubt that the damage to plaintiff's property was caused by the failure of the foundation supporting the newly constructed additions to his residence. However, plaintiff has not proven that the damage was caused by a breach of contract by either Simoneaux or Brown.
The judgment of the lower court is affirmed.
MARCUS, J., recused.