396 So.2d 559 (1981)
Nolan DUHON et ux., Plaintiffs-Appellants,
v.
THREE FRIENDS HOMEBUILDERS CORPORATION, Defendant-Appellee.
No. 8015.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*560 Thompson, Sellers & Bundick, Roger C. Sellers, Abbeville, for plaintiffs-appellants.
Funderburk & Conque, Durwood Conque, Abbeville, for defendant-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
This is a redhibition action. The plaintiffs, Nolan and Patricia Duhon (Duhons), appeal from a judgment of the trial court granting a motion for summary judgment in favor of the defendant, Three Friends Homebuilders Corporation (Three Friends). We affirm.
The sole issue on appeal is whether the contract entered into between the Duhons and Three Friends is a contract of sale or a contract to build.
The parties concurred and submitted at trial of the motion that the determination of whether the transaction is a sale or a building contract would be dispositive of the motion for summary judgment, i. e., if a sale, the summary judgment should be denied, and if a building contract, the summary judgment should be granted because in the latter case the remedy of redhibition would not be available to the Duhons inasmuch as redhibition is the avoidance of a sale; without a sale, there can be no redhibition. La.C.C. Article 2520.
The facts, disclosed by affidavits, were undisputed.
Three Friends is in the business of constructing and selling houses. Prospective "buyers" select a floorplan and choose the color schemes, appliances, etc., that they desire. Thereafter, the house is virtually completely constructed on Three Friends' premises. When the house is completed, it is then moved onto the purchaser's lot.
On April 26, 1978, the Duhons negotiated with Three Friends to build a house. On that date, they chose which floorplan and color scheme they desired. After these negotiations were complete, Three Friends began constructing the house. The house was completed on or about July 25, 1978 and moved onto the Duhons' lot. Thereafter, the Duhons noticed several severe defects in the house. After several unsuccessful attempts by Three Friends to remedy the defects, the Duhons filed this suit demanding a rescission of the sale, or in the alternative, a reduction in the price, plus attorney fees. Three Friends then filed a motion for summary judgment contending the contract entered into between the parties was a contract to build, and therefore, the Duhons could not recover in redhibition. The trial court held the contract was a contract to build and granted Three Friends' motion for summary judgment.
The Duhons contend the contract was a contract to sell a future thing, the sale becoming effective upon the completion of the house. They cite Plaquemines Equipment & Machine Co. v. Ford Motor Company, 245 La. 201, 157 So.2d 884 (1963), and Succession of Schieffler v. Belair Trailer Sales, Inc., 242 So.2d 285 (La.App. 4th Cir. 1970) to support their contention. We find these cases distinguishable because both involved a sale through a dealership which purchased the desired object from the manufacturer. The contract between the purchaser and the seller (dealer) involved the transfer of a movable object which was essentially complete by the time it was acquired by the dealer. Thereafter, it was transferred to the buyer in essentially the same state as when it arrived from the manufacturer.[1]
*561 The contract of sale is defined in La.C.C. Article 2439 as follows:
"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent."
The Duhons contend that they gave money in exchange for the completed house and because there was consent as to the object and the price, the sale was perfected.
However, the present undertaking can also be construed to fit under the definition of a contract to build as defined by La.C.C. Articles 2756 and 2757:
"To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price."
"A person, who undertakes to make a work, may agree, either to furnish his work and industry alone, or to furnish also the materials necessary for such a work."
Three Friends contends that this case involves a contract to build because they agreed to construct the house for a certain stipulated price and to furnish the labor, industry and materials necessary for such a work. Because both a contract of sale and a contract to build require an object, a price, and consent, we must look to the jurisprudence to determine what factors distinguish the two types of contracts. There we find support for Three Friends' contention.
The object of the contract in the instant case is a house. In Broussard v. Pierret, 215 So.2d 136 (La.App. 3rd Cir. 1968), a prospective buyer negotiated with a contractor to build a house on a lot owned by the contractor. An "act of sale" was passed after the house was built, purporting to convey the title to the house and lot to the buyer. The court held that the contract was a contract to build.[2]
In Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir. 1976), a jeweler contracted with a cabinetmaker to make some display cases. The jeweler supplied the plans. The cases were made at the cabinetmaker's shop and were then delivered to the jeweler. Upon delivery, the jeweler refused to accept the cases contending they were unfit for their intended use. The cabinetmaker sued in contract. The court held that the contract was a contract to build rather than a contract to sell.
A reading of the above cases reveal three major factors in determining whether a contract is a contract of sale or a contract to build. First, in a contact to build, the "buyer" has some control over the specifications of the object. Second, the negotiations in a contract to build take place before the object is constructed. Third, and perhaps most importantly, a building contract contemplates not only that one party will supply the materials, but also that that party will furnish his skill and labor in order to build the desired object. In this respect, see Kegler's, Inc. v. Levy, 239 So.2d 450 (La.App. 4th Cir. 1970), writ denied 241 So.2d 253 (La.1970); Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).
In the instant case, the Duhons had some control over the construction of the house in that they specified which floor plan and color scheme they desired. The negotiations were conducted before construction of the house commenced and a large degree of skill and labor was required of Three Friends to construct the house. We therefore hold that the contract entered into between the Duhons and Three Friends is a contract to build and that the Duhons cannot recover in redhibition. We express no opinion as to any other rights which plaintiffs might have.
For the reasons stated above, the judgment of the trial court dismissing the plaintiffs' *562 claims is affirmed. The costs of this appeal are taxed to the plaintiffs, Nolan and Patricia Duhon.
AFFIRMED.
NOTES
[1] Apart from a few modifications which were to be made by the dealer at the purchaser's request, the truck involved in the Plaquemines Equipment & Machine Co. case was constructed entirely by the manufacturer, with whom the purchaser had no contract.
[2] See also Wurst v. Pruyn, 250 La. 1109, 202 So.2d 268 (1967), which supports the proposition that builders of a home are contractors and not vendors.