428 So.2d 1132 (1983)
CITY OF COVINGTON
v.
Thomas H. HEARD, General Contractor, Inc., et al.
No. 82 CA 0452.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1133 John A. Cvejanovich, Rykert O. Toledano, Jr., Covington, for plaintiff-appellant, City of Covington.
Howard E. Sinor, Jr., New Orleans, for defendant-appellee, Johns-Manville Sales Corp.
John S. White, Jr., Baton Rouge, for defendant-appellee, Maryland Cas. Co.
Warren E. Byrd, II, Baton Rouge, for defendant-appellee, Thomas H. Heard, General Contractor, Inc.
Dan Edward West, Baton Rouge, for defendant-appellee, Insurance Company of North America.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This breach of contract case arises from a sewer project which defendant, Thomas H. Heard, General Contractor, Inc., performed for plaintiff, City of Covington, after it was awarded the contract pursuant to the Louisiana Public Bid Law, La.R.S. 38:2211, et seq. Since the case against defendant Heard was dismissed following Heard's successful motion for summary judgment, the only issue on appeal is whether or not there is any genuine issue of material fact as regards Heard's performance of the work according to the specifications of the project.
In 1970, the City of Covington instructed its City Engineer, A.J. Zabbia, Sr., to design and prepare plans and specifications for the construction of sewer outfall lines, sewer extensions, lift stations, force mains, and installation of pumps. These specifications, along with general conditions to the contract, were published and public bids were opened on March 2,1971. Since Heard submitted the lowest bid, it was awarded the contract which was signed on March 18, 1971.
The contract gave the contractor (Heard) the option of using any one of three specified types of pipe for the sewer collection system. Heard had the option of using either clay, plastic, or solid wall pipe. However, if plastic pipe were used, the contract required such pipe to "meet the requirements of the Johns-Manville Material Specifications DS-935-68 for FLEXTRAN gravity sewer pipe, or approved equal." Heard, exercising this option, selected and installed Flextran pipe. Upon completion of the work, the City Engineer issued an appropriate written "certificate" to the City, stating the contractor had complied with all plans and specifications and was entitled to acceptance and payment, with which the City complied in 1971.
The City sewerage system subsequently suffered widespread ruptures during 1975 and 1976, and again on February 2, 1979 and April 16,1980. These ruptures allegedly resulted from a a deficiency in the resin bonding of the Flextran pipe which failed and lost its bonding properties due to continuous stress caused by deflection of the pipe and external exposure of the pipe to acid and water. The deflection of the pipe *1134 was allegedly caused by improper installation. Because of these problems, the instant suit was filed on December 31, 1980, alleging Heard used defective materials for the work and performed the work in an improper manner in violation of the contract. The City also alleged it was only subsequent to the collapse of April 16, 1980 that it became aware the collapse was due to the acts or omissions of defendant Heard. The Johns-Manville Corporation was also named a defendant as manufacturer of the Flextran pipe. Following oral arguments on Heard's motion for summary judgment, the City's suit against Heard was dismissed. The City has appealed suspensively.
Summary judgment is available when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966. The purpose of this procedural device is to expeditiously dispose of cases involving only issues of law. Magie v. Patio Motel, Inc., 301 So.2d 381 (La.App. 4th Cir.1974). However, when reasonable minds can differ on whether the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be denied. Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982).
The thrust of the City's allegations against Heard is that the contractor must take responsibility for exercising its option to select Flextran rather than other types of pipe which were allowable under the terms of the contract. The City also contends the contract was breached by Heard's failure to properly bed and back fill the trenches and by its failure to conduct tests for deflection.
The duty of the contractor is to build the thing in accordance with the plans and specifications of the owner. See Gretna Glass & Mirror v. Crescent City Baptist Ch., 357 So.2d 836 (La.App. 4th Cir.1978); Lebreton v. Brown, 260 So.2d 767 (La.App. 4th Cir.1972), aff'd, 277 So.2d 645 (La.1973); Sisters of the Good Shepherd v. Quinn Const. Co., 225 So.2d 225 (La.App. 4th Cir. 1969), writ ref., 254 La. 844, 227 So.2d 591 (La.1969); Pittman Construction Co. v. City of New Orleans, 178 So.2d 312 (La.App. 4th Cir.1965), writ denied, 248 La. 434, 179 So.2d 274 (La.1965).
La.R.S. 9:2771 provides as follows:
"No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor."
Under this statute, the contractor is immune from liability for the destruction, deterioration, or defects of the thing built if he can prove he built the thing according to the plans and specifications furnished him, since the contractor is not the guarantor of the sufficiency of the plans and specifications drawn by another person. Sisters of the Good Shepherd, supra; Washington Parish Police Jury v. Belcher & Son, Inc., 215 So.2d 849 (La.App. 1st Cir.1968). The statute does not require the contractor to prove the fault or insufficiency of the plans or specifications; the immunity results from proof of compliance alone. Pittman Construction Co., supra.
In support of its motion for summary judgment, Heard submitted to the trial court a copy of the City's contract and specifications and the affidavits of A.J. Zabbia, Sr. (city engineer), A.J. Zabbia, Jr. (inspector), and Leland Taylor (Heard's foreman), all of which reflect first hand personal knowledge of how the work had been done. The affidavits of each of these men describe Heard's complete compliance *1135 with the specifications, from its purchase of the brand name specified pipe, "Johns-Manville DS-935-68 FLEXTRAN," to the testing of materials and the method of installation. Each affiant declared the shell bedding was installed as called for by the specifications and the pipe was installed in the shell bedding in accordance with the line and grade specifications. In addition, each affiant declared the pipe was inspected and lamp-tested, and the back-filling was performed in accordance with the specifications. The affiants further declared there was no instance of variation in the grade or line of the pipe as installed, nor was there any deflection in the pipe as installed.
These affidavits contain adequate proof of compliance with the specifications under La.Code Civ.P. art. 967 so as to shift the burden of proof to the City to produce opposing affidavits or depositions indicating there is a factual basis for dispute with the mover's showing. See Thomas v. Otwell, 234 So.2d 475 (La.App. 3d Cir.1970), writ ref., 256 La. 821, 239 So.2d 346 (La.1970). The affidavits produced by the City, however, do not seriously contest Heard's affidavits insofar as they show compliance with the specifications.
The affidavits of the Mayor and the City Clerk for the City of Covington only contest the affidavit of Mr. Zabbia insofar as he declared he was requested to specify Flextran pipe following a sales presentation to the City Council by Johns-Manville representatives. Regardless of whether such a request was made, the fact remains that Flextran was an allowable material under the City's own specifications. The City cannot avoid responsibility for its own specifications by allowing the contractor such an option. The law is clear that where specifications call for installation of a material by brand name, and the contractor complies with the specifications by supplying and installing such brand name material, the contractor is immune from defects therein. In Sisters of the Good Shepherd, supra, the contract specified "Amtico" tile which did not adhere to the floor when installed. The court found compliance by installing the specified tile created an immunity of the contractor under La.R.S. 9:2771.
Nor do the affidavits of Mr. Grant Brown and Mr. Larry McKee create any genuine issue of fact as to Heard's compliance. Mr. Brown is a hired chemical consultant and Mr. McKee is the president of the engineering company which now serves as the City Engineers for Covington. Neither of these men had any personal knowledge regarding Heard's work. Both men admit their inability to say whether Heard's work had met the specifications. Both men simply pointed out that Flextran is a flexible pipe which requires careful bedding and backfilling. Each of these affidavits refers to a Johns-Manville pamphlet with which the City contends the contractor failed to comply. The City alleges Heard used plain clam shells for bedding, when the manufacturer's instructions call for crushed shells. However, the pamphlet was not a part of the specifications. In addition, the pamphlet only refers to crushed shells as the most economical bedding. We therefore conclude these affidavits do not raise a factual question as to compliance with the specifications, which did contain instructions on bedding and backfilling, and with which the former city engineer and inspector certified compliance.
The City's final argument is that the contractor failed to perform independent deflection tests and therefore breached its duty of workmanlike performance under La.Civ.Code arts. 2762 and 2769. The specifications admittedly do not call for deflection testing. The tests which were to be performed were to be done by a laboratory or inspection service selected and paid by the owner according to the terms of the contract. In addition, the contract provided that the City Engineer was to make all final and conclusive determinations as to the quality and acceptability of the work and materials. However, the City cites Town of Winnsboro v. Barnard & Burk, Inc., 294 So.2d 867 (La.App. 2d Cir.1974), writ denied 295 So.2d 445 (La.1974), for the proposition that:
"The fact that an owner has an engineer and testing laboratory on the job does not *1136 relieve a contractor of the contractor's duty to perform the work in a workmanlike manner in accordance with the plans and specifications."
However, in Winnsboro the contractor had not complied with the specifications. Here the City has failed to show a genuine issue of material fact exists as to Heard's compliance with the specifications. Accordingly, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.