GUIDRY, Judge.
On August 2, 1983, Harold E. Elliott was granted a divorce from Barnie Bundy Elliott on the basis of their living separate and apart for one year. From that judgment, defendant perfects this appeal. Plaintiff-appellee timely answered the appeal praying for damages for the filing of a frivolous appeal.
La.R.S. 9:301 provides as follows:
“When the spouses have been living separate and apart continuously for a period of one year or more, either spouse may sue for and obtain a judgment of absolute divorce.”
The Supreme Court in Adams v. Adams, 408 So.2d 1322 (La.1982), stated that the phrase “living separate and apart” in the above cited statute means that the initial physical separation must be voluntary on the part of at least one of the parties. Appellant asserts in her appeal that the initial separation between herself and her husband was not voluntary. She urges that Mr. Elliott began living separate and apart from her because of the pressures he felt as a result of his health and his father’s health, and not because he desired to end the marital association.
At the hearing on this matter, plaintiff, Harold Elliott, repeatedly stated that he wanted a divorce and that there were no other pressures influencing his decision. His parents testified that he left the marital domicile in May of 1982. They further testified that Elliott moved in with them and had not lived with his wife since that time. Mrs. Elliott stated that her husband left because of his father’s health, his own health, and work-related pressures. She stressed her belief that he did not actually want a divorce and that their marital problems could be resolved.
At the end of the hearing, the trial judge, in his oral reasons for judgment, stated:
“Under the law of this State, when two people have lived separate and apart ... for more than one year before the suit for divorce is filed, the law gives either one the right to ask or demand a divorce. I have no discretion in this matter once it *636 is proven to me as the judge of this court that the parties have lived separate and apart for a year and one party asked for a divorce I must grant that divorce under our law. I am in full sympathy with what Mrs. Elliott testified to. I am impressed with her sincerity. Apparently, ... this is a very, very unfortunate situation. Both Mr. Elliott and Mrs. Elliott appear to be very, very decent people— very good people... It is my hope that after this is over that the parties will see it in their hearts to talk about their problems and see if they can work out the problems as Mrs. Elliott testified to. However, I find as a matter of fact that they have lived separate and apart for more than one year preceeding the filing of the divorce and I find as a matter of law that the plaintiff is entitled to the divorce.”
The trial court was certainly aware of the requirement under La.R.S. 9:301, as emphasized in the Adams case, that the separation must be shown to be free and voluntary on the part of at least one of the parties. This fact is apparent from the transcript of the hearing itself, wherein counsel for the appellant stated to the trial judge that, “... the jurisprudence requires that at least one of the parties have an intent to have the divorce and begin to live separate and apart.” In granting the divorce, although there was not a specific finding of voluntariness on plaintiffs part, the trial judge presumably determined that Mr. Elliott had voluntarily lived apart from Mrs. Elliott. None of the record evidence leads this court to conclude that Elliott’s departure was anything but voluntary on his part.
Conclusions of fact by the trial judge in domestic relations cases are entitled to great weight and will not be disturbed absent manifest error. Usie v. Bonvillain, 348 So.2d 728 (La.App. 1st Cir. 1977); Breaux v. Breaux, 323 So.2d 486 (La.App. 1st Cir.1975). A review of the record reveals no clear error in the trial court’s conclusion that plaintiff is entitled to judgment.
Plaintiff-appellee has answered this appeal praying for damages for the filing of a frivolous appeal.
La.C.C.P. Art. 2164 provides in pertinent part that:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay, or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Brasseaux v. Reaux, 394 So.2d 688 (La. App. 3rd Cir.1981); Commercial Securities Company, Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3rd Cir.1982).
We feel that the defendant’s appeal in this case meets neither of the criteria set forth in Brasseaux. It is evident from the pleadings and from the record that defendant and her counsel were sincere in perfecting this appeal and honestly believed in the merits of this appeal. Although we find no merit to the appeal, we decline to award plaintiff’s requested damages for frivolous appeal.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiff’s request for damages for frivolous appeal is denied. Costs of appeal are taxed to defendant-appellant.
AFFIRMED.