MARVIN, Judge.
The School Board appeals from a judgment preliminarily enjoining it from “discharging” from their duties as school bus drivers, the 19 plaintiffs who are also employed by the Board as full-time tenured school teachers. The Board discontinued the bus-driving services of its teacher-drivers, including plaintiffs, as a “cost-saving” measure in July before the school year began, without complying with the bus operator tenure law.
We reverse and render judgment for the Board.
PRIMARY CONTENTIONS
In granting the injunction, the trial court accepted plaintiffs’ contention that the statutes creating tenure and other benefits for bus drivers do not distinguish a full-time from a part-time driver and grant “regular and permanent operator” tenured status to drivers who, like plaintiffs, have satisfactorily served as drivers for more than three years. LRS 17:492.[1] Our agreement with this contention does not, however, mandate that we affirm the preliminary injunction.
The Board contends that it has treated its teacher-drivers as sui generis for more than 30 years and that the constitutional and statutory provisions against dual public employment prohibit plaintiffs from serving in the dual classifications of full-time teachers and tenured or full-time drivers. LSA-Const. Art. 10, § 22; LRS 42:63. We do not reach this issue.
ADDITIONAL FACTS
The transcript and stipulation in the record establishes that for more than 20 years the Board has “hired” some of its teachers to drive school buses and has distinguished teacher-drivers from non-teacher drivers in several respects. The non-teacher drivers have written contracts. Teacher-drivers do not. Non-teacher drivers are paid more than twice as much as teacher-drivers ($8,000 vs. $3,400) and their retirement is funded by contributions to the state employee retirement system. The teacher-driver’s retirement is funded only by contributions to the teacher retirement system.
Non-teacher drivers share with other non-teaching employees supplemental pay derived from 12 percent of a city sales tax. Teacher-drivers share with other teachers supplemental pay from the remaining 88 percent of the tax. Non-teacher drivers are allowed sick leave benefits under LRS 17:500 B. Teacher-drivers are allowed “sick leave” benefits provided for teachers under § 1201 A(l). One teacher-driver explained that he served students only at the junior high school at which he taught. Non-teacher drivers presumably serve students at more than one school. A supervisor of bus routes, who once was a teacher-driver for several years, explained that the teacher-drivers traditionally have been considered as “part-time” drivers. The Board’s action occurred in a regular meeting in July at which other “cost-saving” measures were adopted.
ARGUMENTS SUMMARIZED
The Board concedes that the failure of the law to distinguish between the teacher-driver and the non-teacher driver should not lead to the interpretation that school boards cannot hire teachers as part-time drivers. The Board asserts, on the other hand, that its teacher-drivers, who drive “part-time” (just before and right after the school day), entered into a verbal contract *569 that has been traditionally understood by all to be “different” than, and to afford less job security and benefits than, the written contract of a non-teacher driver.
To the Board’s analogy about the prohibition against dual public employment, plaintiffs assert that the full-time vs. part-time definitions of the dual office proscription law (LRS 42:62(4)), would make every bus driver for the Board only a part-time driver because no driver routinely works the statutory full-time period of seven hours a day or 35 hours a week.
Plaintiffs alternatively contend that even if it be determined that they are not tenured and permanent drivers, they are nonetheless entitled to due process fairness, or notice and a hearing, because they had some expectation of continued service as a driver that must be deemed “reasonable.” Plaintiffs cite Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The Board cites Noel v. Andrus, 810 F.2d 1388 (5th Cir.1987), as authority that notice and a hearing is not prerequisite to discharge of a non-tenured driver. Neither case is dispositive of the issue here posed.
RESOLUTION
The arguments we have summarized were also made to the trial court. We agree that it is logical to conclude, as the trial court did, that the Legislature did not intend to exclude part-time drivers from the bus operator tenure law or to condition driver tenure other than upon the requirement of three years satisfactory service.
We are of the opinion, however, that the issue should not be couched in terms that inquire whether the Legislature contemplated that part-time drivers should be tenured. Instead, we believe the inquiry should be whether the Legislature contemplated that any employee (§ 491) of a school board could concurrently enjoy tenure as a teacher and as a bus driver.
The laws providing tenure for those employed in the educational system are set forth in Chapter 2, Part II, of LRS Title 17. Subpart A provides for teachers (§§ 441-446). Subpart C provides for school bus operators (§§ 491-500.2). Title 17 generally distinguishes teachers from other employees of a school system. The tenure laws should be read together in the circumstances here presented.
The teacher tenure law clearly expresses the concept that a teacher can acquire only one permanent tenured status. A tenured teacher that is moved to a position of higher salary retains his or her tenure in the lower salaried position during a three-year probationary period in the higher salaried position and thereafter acquires “permanent status” in the higher salaried position. If that person is later removed from the higher salaried position because of incompetency or inefficiency, he or she “shall be returned to his [or her] former position as a teacher.” § 444. Our emphasis.
We therefore must conclude that an employee of a school board cannot enjoy concurrent tenure as teacher and as a bus operator, whether the teacher-operator is classified de facto as “full-time” or “part-time” driver, as the litigants couch their arguments.
We need not and do not decide the effect of the Title 42 provisions against dual public employment on the provisions of Title 17 or how and by whom tenure under the bus operator tenure law may be acquired by persons other than these plaintiffs.
We hold that the plaintiff teachers could not legally acquire tenure as bus operators for the Board. In that dual capacity, plaintiffs’ expectation that their employment as bus operators would continue or be permanent must be found to be unreasonable. The contract between a teacher and the employer-board traditionally is made annually before the beginning of the school year. Without violating the teacher tenure law, the Board could have assigned any plaintiff to another school where his or her other duties as a bus operator may not have been required or needed. See Slaughter v. East Baton Rouge Par. Sch. Bd., 432 So.2d 905 (La.App. 1st Cir.1983), writ denied.
Conversely, plaintiffs must be held to have been subject to the Board’s authority *570 to “discharge” them from their duties, or to not renew their contracts, as bus operators, as a cost saving measure, in July before the school year was scheduled to begin, without giving plaintiffs other formal notice or hearing.
DECREE
We therefore reverse the judgment of the trial court and hereby decree that plaintiffs have no right of action and render judgment against plaintiffs, rejecting their demands against the Board, at plaintiffs’ cost. CCP Arts. 927, 934.
REVERSED AND RENDERED.
ON APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, HALL and JASPER E. JONES, JJ.
Rehearing denied.

. A "permanent school bus operator” may exercise seniority in some circumstances and may not be removed from his or her position except on specified written grounds and then only after a hearing. See e.g., §§ 493; 493.1.
§ 491 defines a school bus operator simply as "any employee ... whose duty it is to transport students ... to and from ... school ... or ... any school related activity.” Our emphasis. School boards may hire "substitute drivers” and are not forbidden by statute from hiring part-time bus operators. See §§ 500, 500.2.