539 So.2d 678 (1989)
Marguerite HAGEMAN, Plaintiff-Appellee,
v.
Ronald J. FOREMAN, etc., Defendants-Appellants.
No. 87-1167.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
*679 Davidson, Meaux, Jeffrey A. Rhoades, Lafayette, for plaintiff/appellee.
Durio, McGoffin, Tamma Blanchard, Jeffrey Ackerman, Gary McGoffin, Lafayette, for defendant/appellant.
Phelps Dunbar, Danny G. Shaw, David J. Krebs, Maura Z. Pelletiri, New Orleans, for defendant/appellee.
Before FORET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Marguerite Hageman sued Patricia H. Foreman Partnership, 1980, d/b/a J.Y. Foreman Realty and Construction Company (Foreman), for damages for the defective construction of a townhouse built for her and sold to her in 1983 in Lafayette. After a trial the district court, treating the transaction as a sale and the suit as a claim for redhibition, awarded a reduction of the price in the amount of $8,900, and gave Hageman judgment for $2,500 for mental anguish and $5,000 for attorney's fees.
The trial court dismissed the claim by Hageman and the third party demand by Foreman against a foreign corporation, Kingsberry Homes, which fabricated and sold to Foreman some of the components of the townhouse.
Foreman, the defendant, appealed, contesting the propriety of the mental anguish and attorney's fee awards, as well as the failure to allow its third party demand against Kingsberry.
Hageman, the plaintiff, answered the appeal asking for an increase in all awards.
Kingsberry, the second defendant, answered the appeal of Foreman seeking damages based on Foreman's allegedly frivolous appeal.

FACTS
In 1983 Marguerite Hageman and the Louisiana partnership of Patricia H. Foreman, 1980, d/b/a J.Y. Foreman Realty and Construction Company, agreed that Foreman would build a townhouse for Hageman at 145 East Pamela Drive in Lafayette, in an area called "Ramsgate," and that Hageman would buy the townhouse for $74,000.
Ms. Hageman testified that she contacted the Foremans and looked at some sketches and floor plans of different models that were available. She selected the Charleston-A model and requested a modification to include french doors. Ms. Hageman, who indicated that she was formerly in the roofing business and that, at the time of trial, she was a realtor, testified that she picked out the lot, selected the floor plan and specifications, furnished all details for finishing such as carpeting and paint, and that the details of construction as well as the $74,000 total price were all agreed upon before construction began.
*680 The evidence shows that the blueprints and the framing, with pre-cut openings for doors and windows, were furnished by Kingsberry Homes. Foreman bought the framing from Kingsberry for $12,514.95. Foreman furnished all the rest of the materials, and all of the labor, and carried out the construction.
The townhouse was completed and Hageman took possession in August 1983. A cash sale instrument was executed on August 30, 1983.
Shortly after taking possession, Hageman began experiencing problems with the townhouse. These problems allegedly included: (1) leakage through the french doors, (2) damaged carpeting and draperies, (3) splits in the cedar siding, (4) spotted and lacerated kitchen flooring, (5) cracked bath tub, (6) cracked driveway, (7) standing water on patio (8) poorly painted bathroom, bedroom, and hallway, and (9) leakage through the windows.
The trial court found a number of specific defects: the french doors leaked, causing damage to the carpet, curtains and sheers; there was faulty workmanship in the application of the cedar siding and windows; and the driveway was cracked due to the absence of expansion joints. The trial court also said that there were other, unspecified defects. Because of the defects in the home the trial court reduced the sale price by $8,900.

ISSUES
The issues raised by defendant Foreman are: the propriety of the award of attorney's fees; the propriety of the award of mental anguish; and whether Kingsberry Homes, as designer and manufacturer of certain components of the townhouse, should be responsible for certain damages.
The issues raised by the plaintiff Hageman are whether the three awards made to her are insufficient and should be increased.
The only issue raised by Kingsberry is whether Foreman's appeal is frivolous.

DECISION
We amend the award to Hageman by increasing it from $8,900 to $13,580.32. We reverse and set aside the awards for mental anguish and attorney's fees. We affirm the trial court's ruling that Kingsberry has no liability to the parties. We deny Kingsberry's demand for damages for a frivolous appeal.

REASONS FOR DECISION
Foreman on this appeal does not complain of the award of $8,900. Hageman complained that this award is insufficient, and that it should be increased to $13,580.32.
It is our opinion that this was a contract to build and not a contract of sale. This circuit, in Duhon v. Three Friends Homebuilders Corporation, 396 So.2d 559 (La.App. 3rd Cir.1981), set forth three major factors which distinguish a contract to build from a contract of sale.
"First, in a contact[sic] to build, the `buyer' has some control over the specifications of the object. Second, the negotiations in a contract to build take place before the object is constructed. Third, and perhaps most importantly, a building contract contemplates not only that one party will supply the materials, but also that that party will furnish his skill and labor in order to build the desired object."
In the present case, all three of these factors are met. Like the court in Duhon, we must hold that this was a contract to build and the redhibition articles do not apply. Accordingly, Hageman's remedy is not under the redhibition articles, for these describe the rights of buyers under a contract of sale. Rather, Hageman's remedy is that of the obligee of a building contract as defined by La.C.C. art. 2769:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
*681 The appropriate measure of damages as a result of a breach of a contract to build under C.C. art. 2769 is what it will take to place the homeowner in the position he deserved to be in when the building was completed. Hebert v. McDaniel, 479 So.2d 1029 (La.App. 3rd Cir.1985). Stated another way, damages for defective workmanship under C.C. art. 2769 is the cost which will be required to rectify and complete each imperfectly constructed household component. Price v. Huey Childs Builder, Inc., 426 So.2d 398 (La.App. 2d Cir.1983), writ denied 433 So.2d 164 (La.1983).
The trial judge in the present case awarded plaintiff $8,900, without explaining how that figure was calculated, but it is clear that the trial court made the award as a reduction of the sale price under the Civil Code articles dealing with redhibition, which was error. Under these circumstances we do not consider ourselves bound by the abuse of discretion standard of appellate review, as to the award, and we will make an independent determination of damages from the evidence for defective workmanship, in accordance with the standards announced in the Hebert and Price cases cited above. We find from the record that the evidence supports an award for the following listed items, in the amount shown beside each item:

Paint purchased for the interior
 of the home. $ 65.00
Replacement of sheers and
 drapes. 1,800.00
Replacement of rotted carpet. 1,484.33
Replacement of solarium flooring. 578.50
Cost of sealing cedar siding. 1,100.00
Labor and materials for painting
 interior of home. 800.00
Labor and materials for flashing
 windows. 480.00
Labor and materials for new
 driveway. 2,000.00
Labor and materials for repairing
 patio. 1,500.00
Labor and materials for cleaning
 of paint from windows and cabinets. 550.00
Labor and materials for reinstallation
 and flashing of french
 doors. 425.00
Labor and materials for replacement
 of door jams. 480.00
Labor and materials for hanging
 and painting double doors. 495.00
Gutters to be installed with canopies
 over french doors. $ 228.50
Labor and material for installation
 of canopies over three sets
 of french doors. 932.00
Statement from Cecil D. Perry
 Contracting Service for repair
 attempt made on french doors
 in March, 1985. 661.99
 ___________
TOTAL $ 13,580.32

Hageman is entitled to an award of $13,580.32 in damages.
The award for attorney's fees should not have been made. The transaction in this case was a contract to build. It was under the redhibition articles that the trial court imposed upon Foreman the obligation of attorney's fees. The redhibition articles do not govern the case. In the absence of this, or another statutory basis, or a contract calling for the award of attorney's fees, such fees are not allowed a successful litigant in Louisiana. Primeaux v. Gaspard, 385 So.2d 1250 (La.App. 3rd Cir.1980), writ denied 392 So.2d 669. (La. 1980).
We also set aside the award for mental anguish. Damages for mental anguish are not recoverable for the breach of a contract to build a home. Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979).
We turn now to the third issue raised by Foreman's appeal, i.e., the liability of Kingsberry Homes for its design or manufacture of the frame. The trial court found that there was no defect of design or manufacture of the framing. The leak caused by the installation of the french doors was found not to have been the fault of Kingsberry, because Kingsberry's design did not include french doors. These doors were modifications provided by Foreman. The design and the framing were not found to have been the cause of any of the problems. These findings by the trial court are not clearly wrong by the Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978), standard of review.
The second argument in Foreman's third assignment of error urges that he should be relieved of liability to Hageman based on La.R.S. 9:2771 and City of Covington *682 v. Heard, 428 So.2d 1132 (La.App. 1 Cir.1983). La.R.S. 9:2771 reads:
"No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor. Acts 1958, No. 183, § 1, as amended Acts 1960, No. 84, § 1."
In City of Covington, supra, the owner, City of Covington, furnished the plans and specifications to the contractor. The contractor performed the job in accordance with these plans and specifications. Subsequently, the sewer system developed ruptures. Summary judgment for the contractor was upheld since the contractor had complied with the plans and specifications furnished by the owner. The facts in that case are readily distinguishable from the facts in the instant case. There, the owner furnished the plans and specifications to the contractor. Here, the builder supplied the plans, which were drafted by Kingsberry, to the owner. We can find no cases which support the contention that La.R.S. 9:2771 is to be applied in the manner proposed by Foreman.
Finally, we have considered Kingsberry's characterization of Foreman's appeal as frivolous. According to the standard traditionally applied by the appellate courts of this state, e.g. Elliott v. Elliott, 458 So.2d 634 (La.App. 3rd Cir.1984), we will not label the appeal frivolous.
For these reasons, the judgment of the trial court is amended to increase the main award from $8,900 to $13,580.32. The judgment is further amended to eliminate the award to plaintiff for mental anguish and attorney's fees. In all other respects, the judgment is affirmed. Costs of this appeal will be divided equally between Hageman and Foreman.
AMENDED AND AFFIRMED.