579 So.2d 1108 (1991)
Isaac GUY, Plaintiff-Appellee,
v.
MADISON PARISH SCHOOL BOARD, Defendant-Appellant.
No. 22350-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
*1109 James David Caldwell, Dist. Atty. by Vicki v. Baker, Tallulah, for defendant-appellant.
Vivian Broussard Guillory, Baton Rouge, for plaintiff-appellee.
Before SEXTON, VICTORY and STEWART, JJ.
SEXTON, Judge.
The defendant, the Madison Parish School Board, appeals the trial court judgment which ordered the reinstatement of plaintiff, Isaac Guy, to his tenured position as a school bus operator and ordered defendant to reimburse plaintiff for back pay and other accrued benefits. Plaintiff has answered the appeal, seeking damages for frivolous appeal. We affirm.
The plaintiff had been employed by the Madison Parish School Board as a school bus operator for at least six years prior to the 1988-89 school year.[1] By letter dated May 3, 1988, the Madison Parish School Board, through superintendent Martin Verhagen, notified the plaintiff that, barring unforeseen circumstances, he would continue to be employed as a school bus operator *1110 during the 1988-89 school year. By letter dated August 18, 1988, the school board, again through Mr. Verhagen, notified the plaintiff that his employment was terminated for the 1988-89 school year "due to cuts in transportation from the state department."
The school board claims that the plaintiff's employment was terminated when the consolidation of bus routes became necessary because of budget cuts. Notice of the cuts in school bus transportation funding for the 1988-89 year was received by the school board sometime after July 19, 1988. The official decision to terminate plaintiff's employment came at the school board meeting of August 15, 1988. The plaintiff had no notice of, nor did he attend, this school board meeting.
Following several attempts to settle this dispute through the school board's grievance procedure,[2] the plaintiff eventually filed suit seeking reinstatement and back pay. The trial court rendered judgment for the plaintiff as prayed for, finding the school board had failed to comply with LSA-R.S. 17:493. Specifically, the trial court found plaintiff had not been provided with written notice of the hearing and the grounds on which the consolidation of bus routes was sought. Nor was plaintiff given an opportunity to appear before the board in either a public or private hearing. Finally, the trial court found the board had failed to make a finding of fact, after a hearing, that the consolidation of bus routes was in the best interest of the school system.
The statute at issue in this case, LSA-R.S. 17:493, provides:
§ 493. Removal of bus operator; procedures; right to appeal
A. A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes.

B. All hearings hereunder shall be private or public, at the option of the operator affected thereby. At least twenty days in advance of the date of the hearing the superintendent, with approval of the school board, shall furnish the affected operator a copy of the written grounds on which said abolition, discontinuance, or consolidation of routes is sought. The operator affected shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder, the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the operator. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
C. If a permanent school bus operator is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or *1111 failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the school bus operator a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason, offense, or instance upon which the recommendation is based. Such operator may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the operator is ordered reinstated and restored to duty, the operator shall be entitled to full pay for any loss of time or salary he may have sustained by reason of the action of the said school board.
D. In the event that one or more school bus operators must be removed due to the abolition, discontinuance, or consolidation of routes, the principle of seniority shall apply, so that the last school bus operator hired to serve within the school system to be affected shall be the first to be removed.
(Emphasis ours.)
Even the demotion of a tenured school bus operator must be done in compliance with LSA-R.S. 17:493. Jones v. Richland Parish School Board, 488 So.2d 1045 (La.App. 2d Cir.1986), writ denied, 491 So.2d 22 (La.1986). Numerous cases have placed a similar construction on the kindred teacher tenure statutes, LSA-R.S. 17:441 et seq.[3] The cases dealing with the discharge, demotion or discipline of teachers have consistently held that the failure to comply with the procedures outlined in the tenure statutes renders the discharge or demotion of no legal effect. See, for example, Palone v. Jefferson Parish School Board, 306 So.2d 679 (La.1975); Booker v. Richland Parish School Board, 393 So.2d 785 (La.App. 2d Cir.1981); Jackson v. St. Landry Parish School System, 407 So.2d 51 (La.App. 3rd Cir.1981), writs denied, 412 So.2d 98, 99 (La.1982).
In the instant case, the Madison Parish School Board candidly admits that it did not follow the formalities specified in LSA-R.S. 17:493 prior to discharging the plaintiff. Nevertheless, the board argues that, due to the time constraints with which it was faced, it was impossible for the board to fully comply with the 20-day notice to the plaintiff required by LSA-R.S. 17:493. In essence, the board seeks the creation of a jurisprudential good faith exception to the notice and hearing requirements of the statute.
The board claims that its referral of the plaintiff to its five-step employee grievance procedure constituted a good faith exercise of its discretion in this matter. Clearly, however, the grievance procedure posterior to the plaintiff's termination is not tantamount to plaintiff's right to notice and an opportunity to present evidence prior to the school board's ultimate decision, specifically mandated by LSA-R.S. 17:493. Requiring resort to a grievance procedure is inappropriate where procedure for resolution of the grievance is established by law. Cf. Brown v. Red River Parish School Board, 469 So.2d 1110 (La.App. 2d Cir.1985).
Thorne v. Monroe City School Board, 531 So.2d 567 (La.App. 2d Cir.1988), affirmed, *1112 542 So.2d 490 (La.1989), is cited by the school board for the proposition that courts should not give a liberal construction to tenure statutes. In Thorne, the issue was whether tenured teachers who also drove school buses for the school board could be discharged from their duties as school bus operators in the absence of compliance with LSA-R.S. 17:493. This court held that a school board employee could not enjoy concurrent tenure as both teacher and school bus operator. As the plaintiffs were tenured teachers, they could not be tenured as bus operators and could therefore be discharged from the latter duties without compliance with LSA-R.S. 17:493. The Louisiana Supreme Court affirmed, but on somewhat different grounds. The supreme court found that part-time school bus operators, which the Thorne plaintiffs were found to be, were not entitled to acquire tenure and, accordingly, were not entitled to the protection of LSA-R.S. 17:493.
The Madison Parish School Board's claim, that Thorne urges a less liberal or expansive interpretation of the tenure laws, is incomplete. In Thorne, the supreme court opinion noted that the tenure laws should be strictly construed in determining the class of persons who are entitled to the benefit of tenure. However, the court went on to note that once it has been determined that a claimant falls within the class of persons entitled to the benefit of the tenure laws, such laws should then be liberally construed in favor of the tenured employees.
As a tenured employee, LSA-R.S. 17:493 must be liberally construed in favor of the plaintiff. Thus, Thorne is not supportive of the board's position.
While we are not unmindful of the stress imposed by budget and time constraints on local school boards, we must nevertheless hold that the lack of compliance with LSA-R.S. 17:493 is not justifiable. Cf. Pardue v. Livingston Parish School Board, 251 So.2d 833 (La.App. 1st Cir.1971) (school board's noncompliance with the teacher tenure laws in case of plaintiff's demotion was not legally excusable notwithstanding federal court order two weeks before beginning of school year which compelled major reshuffling of school personnel). In the instant case, the school board received notice of cuts in transportation funding shortly after July 19, 1988, obviously more than 20 days prior to the August 15th school board meeting at which the plaintiff was terminated as a bus operator. Unfortunately, the record does not reflect when the ultimate consolidation proposal that adversely affected the plaintiff's employment was made. There is no adequate explanation by the board why plaintiff was not, at that time, immediately notified and the school board meeting held 20 days thereafter. We also note that even after the plaintiff cited the school board to its failure to comply with LSA-R.S. 17:493, the board refused to mitigate its damages by holding even an untimely hearing on plaintiff's termination. As the school board failed to comply with LSA-R.S. 17:493, the plaintiff's discharge was of no legal effect, and the district court correctly ordered the plaintiff to be reinstated as school bus operator and ordered that defendant pay plaintiff his back wages.
By answer to the appeal, the plaintiff seeks damages for frivolous appeal pursuant to LSA-C.C.P. Art. 2164. We note that appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Bellard v. Safeway Insurance Company, 442 So.2d 1314 (La.App. 3d Cir.1983); Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La.App. 1st Cir. 1983), writ denied, 437 So.2d 1150 (La. 1983). An appeal will only be deemed frivolous if it does not present a substantial legal question or if it is obvious either that it was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates. Johnson & Placke v. Norris, 571 So.2d 702 (La.App. 2d Cir. 1990), writ denied, 573 So.2d 1142 (La. 1991); In re Succession of Bradford, 550 So.2d 678 (La.App.2d Cir.1989).
Because the law is quite clear on this subject, as we have pointed out, we were tempted to award damages for frivolous appeal in this caseparticularly since the *1113 school board refused to respond to the law after being called upon to do so by the plaintiff. It would seem the board blindly relied on its grievance procedure in the face of clear, contrary statutory mandates.
However, we are reminded by the jurisprudence that our focus in the question of whether an appeal is frivolous is to be directed to the nature of the appeal itself rather than to the actions of the appellant which gave rise to the lawsuit. It is manifest that damages for frivolous appeal will be awarded only when it is clear that the appeal is taken solely for delay or it is clear that counsel does not seriously believe in the position advanced. Lowe v. Rivers, 465 So.2d 839 (La.App. 2d Cir.1985); Elliott v. Elliott, 458 So.2d 634 (La.App. 3rd Cir. 1984). Moreover, the position advanced on appeal must be so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that the position is deliberately proposed for ulterior purposes. Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634 (1965).
These factors considered, along with the quality of appellant's brief and appearance at oral argument, we are unable to say that damages for frivolous appeal are warranted. The judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Plaintiff's petition and appellate brief both assert that plaintiff had been employed by the board for 12 years. Plaintiff's testimony at trial was that he had been permanently employed as a school bus operator for six years and had previously been a substitute driver for two to three years. It is unclear whether the 12-year figure is an inaccuracy or if plaintiff had been employed in a different capacity for the school board prior to becoming a bus driver. In either case plaintiff had completed his three-year probationary term and acquired tenure. LSA-R.S. 17:492.
[2] The school board's grievance procedure is a five-level process for resolution of employee complaints. The employee must present his grievance successively to: (1) his immediate supervisor or principal; (2) the supervisor of elementary education; (3) the superintendent of schools; (4) the Board of Education; and, finally, (5) an appeal to the Louisiana Department of Education or the Department of Health, Education and Welfare, and/or the court system.
[3] LSA-R.S. 17:443 providing for removal of tenured teachers is analogous to the instant statute, LSA-R.S. 17:493, providing for removal of school bus operators. Both ensure: (1) 20 days notice to the employee, (2) the presentation of written charges of the grounds upon which dismissal is sought, (3) a public or private hearing at the option of the employee, (4) the employee's right to present witnesses, (5) the employee's right to counsel, (6) the school board's power to issue subpoenas and to compel the attendance of witnesses on behalf of the employee, (7) the presentation of a written statement to the employee of any recommendation of removal or discipline, and (8) the preservation of the right of judicial appeal.